## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 02-40524-293 |
| IPDN Corporation, f/k/a | § | |
| Microtome, Inc., | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| _____ | § | |
| | § | |
| Digeo, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary No. 06-04272-705 |
| v. | § | |
| | § | [Related to Docket Nos. 1 and 9] |
| Hsiao-Shih Chang a/k/a Oliver Chang, | § | |
| Edward Chang, | § | |
| Stuart J. Radloff, Chapter 7 Trustee, | § | |
| Douglas B. Brockhouse, | § | |
| Michael Saigh, and | § | |
| Sheldon Gross, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| Audible, Inc. | § | |
| | § | |
| Intervenor. | § | |

## ORDER

On July 27, 2006, Digeo, Inc. ("Digeo"), the Plaintiff in the above-referenced
adversary proceeding (the "Adversary Proceeding"), filed a Complaint for Declaratory
Judgment as to the Rights and Interests Granted by § 363 Order/Sale, or, in the
Alternative, for Damages (the "Complaint") [Adversary Proceeding Docket ("AP Docket")
#1]. On August 21, 2006, Digeo filed an Application for Temporary Restraining Order and

Motion for Preliminary Injunction (the "TRO Application") [AP Docket #9].  For the reasons

set forth below, the Court **DISMISSES** the Adversary Proceeding and the TRO Application

for lack of subject matter jurisdiction.

## I.    Background

On January 16, 2002, the debtor, IPDN Corporation ("IPDN"), in the above-

referenced bankruptcy case (the "Main Bankruptcy Case") filed for chapter 11 bankruptcy

relief pursuant to title 11 of the United States Code.[1]    On August 14, 2002, the Court

entered an Order Approving Trustee's Motion to Approve Sale of Assets of the Estate Free

and Clear of Liens and Encumbrances – IPDN Patents (the "Sale Order") [Main Bankruptcy

Case Docket ("MBC Docket") #115].  In the Sale Order, the Court found that Digeo was

a good faith purchaser, (Sale Order at 5), and authorized the sale to Digeo of "all of the

IPDN IP for a total purchase price of [$4.107 million]." (Sale Order at 2). The Main

Bankruptcy Case was closed on June 21, 2004.

On May 23, 2005, Digeo commenced suit in the U.S. District Court for the Western

District of Washington (the "Washington Court") against Audible, Inc. ("Audible") for patent

infringement (the "Washington Case").  Digeo alleged that a certain patent (the "823

Patent") was part of the IPDN IP and that Digeo is now the only owner of this patent.

Accordingly, Digeo argued in the Washington Case that Audible's use of a license to the

823 Patent, which purportedly was conveyed to Audible by Edward Chang (one of the

Defendants and a co-inventor of the patent), constitutes patent infringement.    After

---

[1]The Main Bankruptcy Case was converted to a case under chapter 7 on October
18, 2002 [MBC Docket #164].

discovery closed in the Washington Case, Audible moved for summary judgment or dismissal (the "Summary Judgment Motion").

While awaiting the ruling on the Summary Judgment Motion, on July 3, 2006, Digeo filed a Motion to Reopen (the "Motion to Reopen") [MBC Docket #291], requesting the Court[2] reopen the long-closed Main Bankruptcy Case. On July 21, 2006, the Court granted the Motion to Reopen [MBC Docket #310] and Digeo filed the Adversary Proceeding a week later.[3] The Complaint seeks a declaratory judgment from the Court providing that "Digeo is the owner of all interests, right and title in and to the IPDN Patents pursuant to the [Sale] Order." (Complaint at 9.) Approximately one month after commencement of the Adversary Proceeding, Digeo filed the TRO Application. On August 23, 2006, Edward

---

[2] The Honorable David P. McDonald, U.S. Bankruptcy Judge, presides over the Main Bankruptcy Case. Digeo argues that if the Court lacked subject matter jurisdiction over the Adversary Proceeding, the Court would have denied the Motion to Reopen. (Digeo Jurisdiction Brief at 9.) Digeo confuses the Court's implicit determination that it had subject matter jurisdiction over the Motion to Reopen with a determination that the Court has subject matter jurisdiction over the Complaint. A finding of jurisdiction over a motion to reopen a case pursuant to 11 U.S.C. § 350(b) is not a finding of jurisdiction over a subsequently filed adversary proceeding.

[3] Federal Rule of Bankruptcy Procedure ("Rule") 7001(9) provides that an "adversary proceeding" includes "a proceeding to obtain a declaratory judgment relating to any of the foregoing" and, pursuant to Rule 7001(7), the "foregoing" includes "a proceeding to obtain an injunction or other equitable relief . . ." However, Rule 7001 does not list among the "foregoing" "a proceeding related to the interpretation or enforcement of an entered sale order," which is the basis for Digeo's requested declaratory judgment. Digeo's request for an injunction is merely additional relief sought in the course of the Adversary Proceeding, not the basis of the Adversary Proceeding. No party addressed the issue of whether Digeo's request for declaratory relief was properly filed as an adversary proceeding or whether it should have been filed as a motion in the Main Bankruptcy Case. However, given the ultimate disposition of the Complaint as set forth in this Order, the procedural issue of whether the request supports an adversary proceeding is moot and the Court declines to opine on this issue.

Chang and Defendant Hsiao-Shih Chang (together, the "Changs") filed an Objection to the [TRO] Application [AP Docket #25], as did the Intervenor, Audible [AP Docket #23].   The Court heard the TRO Application on August 24, 2006, and again on August 30, 2006. Ultimately, the parties agreed to the entry of a TRO on certain terms.

After the August 30 hearing but before entering the TRO, the Court, duty-bound to consider its own jurisdiction and concerned that the parties had inadequately addressed jurisdiction in their pleadings, issued sua sponte an order requesting briefing from the parties on the issue of whether the Court has  jurisdiction of the Adversary Proceeding [AP Docket #68]. The Court delayed entry of an order on the TRO Application until it considered the subject matter jurisdiction issue. Briefing on subject matter jurisdiction was received from Digeo ("Digeo Jurisdiction Brief") [AP Docket #78] and Audible ("Audible Jurisdiction Brief") [AP Docket #79].  Audible now argues that jurisdiction does not exist.[4]

## II.    Analysis

Federal actions for relief in the form of a declaratory judgment are made pursuant to the Declaratory Judgment Act of 1934, codified at 28 U.S.C. § 2201 (the "Declaratory Judgment Act").[5]  Pursuant to the Declaratory Judgment Act, "the bankruptcy court has the power to issue declaratory judgments when the matter in controversy regards the

---

[4] The Defendants did not file a brief on the issue.   However, the Defendants and Audible have represented to the Court at oral argument that their positions on issues in this matter essentially are identical.

[5] The Declaratory Judgment Act provides that "[i]n the case of an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

administration of a pending bankruptcy estate." *Sears, Roebuck and Co. v. O'Brien*, 178 F.3d 962, 964 (8th Cir. 1999). However, the Declaratory Judgment Act is a procedural, not a jurisdictional, statute. *State of Mo. ex rel. Mo. Highway and Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997). Accordingly, before the Court can consider the merits of a declaratory judgment action or any relief sought in the course of that action, the Court first must determine whether it has jurisdiction of the action.

## A.    Jurisdiction fails because there is no "actual controversy."

The Declaratory Judgment Act supports jurisdiction only in the event of an "actual controversy." 28 U.S.C. § 2201(a); *Gen-Probe Inc. v. Vysis, Inc.,* 359 F.3d 1376, 1379 (Fed. Cir. 2004); *Citizen Electronics Co., Ltd. v. Osram GMBH*, 377 F. Supp.2d 149, 152 (D.D.C. 2005). No such controversy exists in the Adversary Proceeding. In the Complaint, Digeo requests a declaration that "Digeo is the owner of all interests, right and title in and to the IPDN Patents pursuant to the [Sale] Order," based on the language in the Sale Order. (Complaint at 19.) Digeo makes this request apparently in hopes that such a declaration would bolster its position in the Washington Case.[6] However, the Defendants do not challenge this language in the Sale Order or the effectiveness of the Sale Order and

---

[6]Since the filing of this Adversary Proceeding, the Washington Court found in its order partially granting the Summary Judgment Motion that Digeo is not the sole possessor of a legal interest in the 823 Patent. However, how Digeo ever expected to use, or in the future hopes to use, the requested declaratory relief to its advantage in the Washington Case is unclear. A key question in the Washington Case is whether Edward Chang, a nondebtor, possesses an interest in the 823 Patent, an interest which by definition would not have been part of the estate and thus would not have been conveyed pursuant to the Sale Order. The fact that Digeo is the sole owner of the interests previously owned by the IPDN estate is irrelevant to this question before the Washington Court.

do not contest the fact that Digeo is the only owner of the interests in the IPDN Patents as conveyed pursuant to the Sale Order (which by law could have been only those interests that were in the estate at the time of the conveyance). (Audible Jurisdiction Brief at 3,5.) In fact, the parties are in agreement on the issue for which Digeo seeks a declaratory judgment: that the Sale Order vested in Digeo all right, title and interest to whatever right, title and interest the IPDN estate had in the property that was conveyed pursuant to the sale. Of course, the Defendants who are parties in the Washington Case assert in that case that Edward Chang, a nondebtor in the Main Bankruptcy Case, possessed an interest pursuant to federal patent law in the 823 Patent that was not part of the estate and thus was not conveyed by the Sale Order. However, the correctness of this assertion cannot be resolved by any interpretation or enforcement of the Sale Order. It is an issue of patent law not before this Court. The requested declaratory judgment would have no legal effect other than to reiterate a point upon which all parties to the Adversary Proceeding agree–that Digeo owns what it bought from the IPDN estate. Without an actual controversy alleged, the Court lacks jurisdiction of the Adversary Proceeding.

**B.    Alternatively, if an actual controversy does exist, jurisdiction fails because the Adversary Proceeding is not a civil proceeding of which the Court has "arising under," "arising in" or "related to" jurisdiction.**

U.S. district courts have both original and exclusive jurisdiction of cases under title 11 of the United States Code. 28 U.S.C. § 1334(a). In addition, the district courts have original, but not exclusive, jurisdiction of civil proceedings arising under title 11, civil proceedings arising in title 11, and civil proceedings related to cases under title 11. 28 U.S.C. § 1334(b). Pursuant to Local Bankruptcy Rule B1-9.01(B) of the U.S. District Court

for the Eastern District of Missouri, district courts refer bankruptcy cases and civil proceedings filed in bankruptcy cases to the bankruptcy courts. Thus, this Court has jurisdiction if the Adversary Proceeding is a civil proceeding that (I) arises under title 11, (ii) arises in title 11, or (iii) is related to IDPN's main bankruptcy case. Digeo maintains the Adversary Proceeding satisfies all three jurisdictional alternatives. The Court disagrees.

The Adversary Proceeding does not "arise under" title 11. A civil proceeding that "arises under" title 11 is "any matter under which a claim is made under a provision of title 11." *National City Bank v. Coopers and Lybrand,* 802 F.2d 990, 994 (8th Cir. 1986). For example, a claim of exemption under 11 U.S.C. § 522 or a claim of discrimination in violation of 11 U.S.C. § 525 "arises under" title 11. *Id.* (citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 445-56). As discussed above, the Adversary Proceeding is brought pursuant to the Declaratory Judgment Act, which is codified at title 28.

The Adversary Proceeding also does not "arise in" title 11. Actions that "arise in" title 11 principally are administrative matters, such as proceedings for turn-over orders, 28 U.S.C. § 157(b)(2)(E), determination of lien priority or validity, *id.* at § 157(b)(2)(K), or preference avoidance or recovery, *id.* at § 157(b)(2)(F). Digeo argues that the Adversary Proceeding "arises in" title 11 pursuant to § 157(b)(2)(A),(O), & (N). However, subsections (A) and (O) provide jurisdiction of matters related to administration, liquidation, and the adjustment of the debtor-creditor relationship. In this case, distribution has been made and the estate has no assets and no prospect of receiving assets in the future. The entry of the requested declaratory judgment would not change this fact and therefore would have no effect on administration, liquidation, or the debtor-creditor relationship. Subsection (N) also

does not apply.  Under § 157(b)(2)(N), the court has jurisdiction not only to enter a sale order but also to interpret and enforce that order, even when the sale order dispute is between nondebtor parties and the debtor is not affected by the outcome.  *United Taconite, L.L.C. v. The State of Minn. Dep't of Rev. (In re Eveleth Mines, L.L.C.)*, 318 B.R. 682, 687 (8th Cir. 2004).  Under *Eveleth Mines*, a civil proceeding satisfies subsection (N) when it involves efforts merely to "implement, gain the fruits of, and to enforce an order of the bankruptcy court."  *Id.* (quoting *NWL Holdings, Inc. v. Eden Ctr. (In re Ames Dep't Stores, Inc.),* 317 B.R. 260, 269 (Bankr. S.D.N.Y 2004)).

Digeo argues that through the Adversary Proceeding it "simply seeks to 'implement' and to 'gain the fruits' of the Sale Order."  (Digeo Jurisdiction Brief at 5). However, the "fruit" Digeo seeks does not fall from the tree of the Sale Order.  Digeo asks for a declaration from the Court that interprets the Sale Order to mean that no third-party interest, such as the one asserted by Edward Chang under patent law, survived the sale.  Such a finding would be not only beyond interpretation and enforcement of the Sale Order, but would be beyond the subject matter jurisdiction of the Court.  A sale order cannot be read to affect purported property interests that lay outside the estate.  The issue of whether Edward Chang had or has an interest in the 823 Patent simply is not within the scope of an order entered pursuant to 11 U.S.C. § 363.

Finally, the Adversary Proceeding is not a civil proceeding "related to a case" under title 11.  The Eighth Circuit has adopted the well-established definition of "related to" set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984):

> the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could*

> *conceivably have any effect on the estate being administered*
> *in bankruptcy.* . . . An action is related to bankruptcy if the
> outcome could alter the debtor's rights, liabilities, options, or
> freedom of action . . . and which in any way impacts upon the
> handling and administration of the bankrupt estate.

*National City Bank*, 802 F.2d at 994 (quoting *Pacor*, 743 F.2d at 994) (ellipses and

emphasis in *National City Bank*); *see Dogpatch Props., Inc. v. Dogpatch U.S.A., Inc. (In re*

*Dogpatch U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987). "Related to" jurisdiction is broad.

*In re NWFX, Inc.,* 881 F.2d 530, 533 (8th Cir. 1989). A civil proceeding "which portends a

mere contingent or tangential effect on a debtor's estate" satisfies "related to" jurisdiction.

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Titan Energy, Inc. (In re Titan Energy,*

*Inc.)*, 837 F.2d 325, 330 (8th Cir. 1988). However, "related to" jurisdiction is not limitless.

*Pacor*, 743 F.2d at 994. "Related to" jurisdiction is not established when a third-party

dispute affects neither the distribution of estate assets nor the bankruptcy estate in general.

*Educational Credit Mgmt. Corp. v. McAlpin,* 263 B.R. 881, 884 (BAP 8th Cir. 2001) (citing

*Speciality Mills*, 51 F.3d at 774). In the instant case, the resolution of the propriety of the

requested declaratory relief would have no effect on the bankruptcy estate.[7] Whether the

relief is granted or denied, the estate would receive no assets. No administration would

occur and no distributions would be made. Absent such an interest, "related to" jurisdiction

---

[7]As an alternative form of relief to the requested declaratory judgment, Digeo
requests that "a portion of the sales proceeds paid by Digeo be refunded to the
bankruptcy estate and paid to Digeo with interest thereon for its claim against the
estate." (Complaint at 9.) In addition to being an improper remedy (disgorgement after
distribution and case closure), this would result in no benefit to the estate or its
creditors. It would serve only to benefit Digeo, which is not a creditor of the estate.

simply does not exist.[8]

C.    **Alternatively, even if the Court has jurisdiction of the Adversary Proceeding under 28 U.S.C. § 157, it declines to assert its jurisdiction.**

The Declaratory Judgment Act confers "unique and substantial discretion" upon federal courts, including discretion whether to entertain, stay, or dismiss the action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Sani-Top, Inc. v. North Am. Aviation, Inc.*, 261 F.2d 342, 344 (9th Cir. 1958) (holding that the word "may" in the Declaratory Judgment Act "does not mean 'shall'"). The courts are under no compulsion to exercise their jurisdiction. *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942); *United States Fid. and Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 260 (8th Cir. 1993). However, this discretion must be reasonably exercised, *Sani-Top*, 261 F.2d at 344, and cannot be made "as a matter of whim or personal disinclination," *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). The Eighth Circuit has held that "[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and

---

[8]Digeo cites to several bankruptcy cases in which the court found jurisdiction to resolve ownership rights in intellectual property, including *Access Cardiosys., Inc. v. Fincke (In re Access Cardiosys., Inc.)*, 340 B.R. 127 (Bankr. D. Mass. 2006), *Stonecraft, L.L.C. v. Slagter (In re Stonecraft, L.L.C.)*, 322 B.R. 623 (Bankr. S.D. Miss. 2005), and *Holcomb Health Care Servs., L.L.C. v. Quart Ltd., L.L.C. (In re Holcomb Health Care Servs., L.L.C.)*, 329 B.R. 622 (Bankr. M.D. Tenn. 2004). These cases are not on-point to the facts in the instant matter. Each of those cases was brought by the debtor, involved determining whether the intellectual property was property of the estate, and affected the estate and distribution to creditors.

controversy giving rise to the proceedings." *Alsager v. District Court of Polk County, Iowa (Juvenile Div.)*, 518 F.2d 1160, 1163-64 (8th Cir. 1975). A declaratory judgment offers no such purpose in this Adversary Proceeding. The relief requested is wholly redundant of the relief already clearly granted in the Sale Order and which is uncontested by the Defendants. Moreover, it would offer no clarity on the issues pending in the Washington Case. Nothing in the Sale Order bears on the issue of whether Edward Chang, separate from the IPDN estate, owned or owns an interest in the 823 Patent. In addition, in determining whether to exercise jurisdiction of a declaratory judgment action, courts have considered if the declaratory remedy is being used "for tactical advantage by litigants." *Olympus Aluminum Prods., Inc. v. Kehm Enters., Ltd.*, 930 F. Supp. 1295, 1307 (N.D. Iowa 1996). In the midst of its patent infringement litigation, Digeo comes to this Court seeking declaratory relief that it apparently believes will resolve certain key issues in the Washington Case. The irony, of course, is that even if the Court granted Digeo's request, such a declaration would have no res judicata effect on the defenses Audible might assert in the Washington Case. However, the Court will not entertain Digeo's request and open the door to the possibility that the language of its Sale Order will be manipulated or misrepresented for tactical advantage in another forum.[9]

## III.    Conclusion

For the reasons discussed above, the Court **DISMISSES** the Adversary Proceeding

---

[9]The Court's alternative holding not to assert jurisdiction under the Declaratory Judgment Act is not an alternative holding that the Court would abstain pursuant to 28 U.S.C. § 1334(c)(1) should "related to" jurisdiction exist. Abstention under § 1334(c) requires a wholly different analysis and the Court declines to consider it in this Order.

and the TRO Application for lack of subject matter jurisdiction.


DATED:   September 28, 2006

St. Louis, Missouri

_Charles E. Rendlen III_

Charles E. Rendlen, III
United States Bankruptcy Judge



Copy mailed to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Brian James LaFlamme
Summers, Compton, Wells & Hamburg
Attorneys for Plaintiff
8909 Ladue Road
St. Louis, MO 63124

Lawrence Dean Graham
Black, Lowe & Graham, PLLC
Attorneys for Plaintiff
701 Fifth Avenue, Suite 4800
Seattle, WA 98104

Mark Lawrence Lorbiecki
Black, Lowe & Graham, PLLC
Attorneys for Plaintiff
701 Fifth Avenue, Suite 4800
Seattle, WA 98104

Steven M. Hamburg
Summers, Compton et al.
Attorneys for Plaintiff
8909 Ladue Rd.
St. Louis, MO 63124

William F. Swearinger
WF Swearinger, Inc., PC
Attorneys for Edward Chang and
Hsiao-Shih Chang a/k/a Oliver Chang
6255 Sunset Boulevard, Suite 1021
Hollywood, CA 90028

Michael T. George
The Law Firm of Michael T. George, P.C.
Attorneys for Michael Saigh
7730 Carondelet Ave., Suite 303
St. Louis, MO 63105

Doug Brockhouse
Pro Se Defendant
612 Rosewood Lane
St. Louis, MO 63122

Stuart Jay Radloff
Trustee/Defendant
Goldstein & Pressman
121 Hunter Ave., Ste. 101
St. Louis, MO 63124

Howard S. Smotkin
Stone, Leyton et al.
Attorneys for Sheldon Gross
7733 Forsyth, Ste. 500
St. Louis, MO 63105

David A. Warfield
Blackwell Sanders Peper Martin LLP
Attorneys for Audible, Inc.
720 Olive St. , Suite 2400
St. Louis, MO 63101

R. Timothy Bryan
DLA Piper Rudnick Gray Cary US LLP
Attorneys for Audible, Inc.
1775 Wiehle Avenue
Reston, VA 20190

Steven B. Kelber
Merchant & Gould, P.C.
Attorneys for Audible, Inc.
901 Fifteenth Str., N.W., Suite 850
Washington, DC 20005